## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TODD A. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-560 |
| | ) | |
| WALMART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

Defendant, Walmart, Inc., by and through its attorneys, Rynearson, Suess, Schnurbusch & Champion LLC, remove this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

### VENUE

1.      There is now commenced and pending in the Circuit Court for the Fourth Judicial Circuit, Marion County, Illinois, a certain civil action designated as No. 2021-L-38, in which Todd A. Davis is plaintiff and Walmart, Inc. ("Walmart") is defendant.

2.      Defendant removes this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446(a) because the original action was filed in Marion County, Illinois, which is within the Southern District of Illinois.

### DIVERSITY OF CITIZENSHIP

3.      The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4.      Complete diversity of citizenship exists between plaintiff and defendant as required by 28 U.S.C. § 1332(a).

5.    Plaintiff is now and was at the commencement of this action a citizen of the State of Illinois.

6.    Defendant Walmart is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Walmart is a citizen of the States of Delaware and Arkansas.

## AMOUNT IN CONTROVERSY

7.    The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

8.    In his complaint, plaintiff claimed that, as a result of the alleged incident, he sustained severe and permanent injuries to his head eye when an item hit his eye (Complaint, ¶ 5). Plaintiff did not provide any further information concerning his injuries or treatment.

9.    Plaintiff further alleged that as a direct and proximate cause of the incident he "sustained numerous, severe and disabling injuries to his head, eye, face, and other body parts, has suffered and will continue to suffer in the future mental and physical pain and anguish; and plaintiff has incurred and become liable for medical attention, care, treatment and services in an effort to be cured of said injuries, and is reasonably likely to incur future medical bills for treatment of his injuries; and plaintiff has been unable to perform his work and activities as he has in the past; all the foregoing damages being to the harm and injury of the plaintiff and all to his damages in a substantial sum of money" (Complaint, ¶ 8).

10.    Plaintiff's complaint did not allege any specific amount for his damages other than that he sought damages for a sum "in excess of $50,000" (Complaint).

11.    The District Courts adhere to a policy favoring prompt removal of cases so that a defendant should effect removal when it appears likely from the face of the complaint that the

amount in controversy exceeds $75,000, even when the complaint does not explicitly demand a figure exceeding $75,000. *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at 3 (S.D. Ill. 2006).

12.     When the complaint itself does not explicitly establish the amount in controversy, the district court may look outside the pleadings to other evidence of jurisdictional amount in the record to determine if the amount in controversy requirement is met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (holding that defendant may establish amount in controversy through interrogatories, contentions, or admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from employees or experts about how much it may cost to satisfy plaintiff's demands); *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

13.     On February 24, 2022, counsel for plaintiff served discovery responses and production on defendant's counsel. Plaintiff's discovery production indicated that plaintiff had sustained a tear in his left cornea and a torn iris with loss of the lens. Plaintiff further disclosed that to date his medical bills total $62,217.81. Plaintiff also alleged $8,736.00 in lost wages.

14.     Defendant had insufficient information to establish that the amount in controversy was in excess of $75,000 before February 24, 2022, because defendant had limited knowledge of plaintiff's medical bills, treatment, and damages.

15.     Based on the alleged past and future mental and physical pain and anguish, past and future medical expenses, loss of a normal life, $62,217.81 in disclosed medical specials, and $8,736.00 in lost wages, defendant asserts to the Court that a preponderance of the evidence known to date establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS

16.     Plaintiff filed the Complaint on November 5, 2021, and served defendant with the Complaint and Summons on November 29, 2021.

17.     This notice of removal was filed within thirty days after defendant learned the amount in controversy exceeded $75,000 pursuant to 28 U.S.C. § 1446(b) and within one year after commencement of the action pursuant to 28 U.S.C. § 1446(c).

## NOTICE REQUIREMENTS

18.     Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

19.     A copy of this notice of removal was filed with the Fourth Judicial Circuit, Marion County, Illinois, as required by 28 U.S.C. §1446(d).

20.     A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendant, Walmart, Inc., removes this case to the United States District Court for the Southern District of Illinois and hereby requests that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY**.

RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION LLC


By /s/James E. DeFranco

      James E. DeFranco, #6181134
      Nicholas C. Martin, #6324298
      141 Market Place, Suite 104
      Fairview Heights, IL 62208
      (618) 628-2000
      (618) 628-2007 Fax
      jdefranco@rssclaw.com
      nmartin@rssclaw.com
      ATTORNEYS FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| TODD A. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-560 |
| | ) | |
| WALMART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT

STATE OF ILLINOIS        )
                                        ) SS
COUNTY OF ST. CLAIR   )

James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for defendant herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendant.

/s/James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 18th day of March 2022.

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

/s/Marie G. Agne
NOTARY PUBLIC

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

TODD A. DAVIS,                                    )
                                                  )
              Plaintiff,                          )
                                                  )
vs.                                               )          Case No. 3:22-cv-560
                                                  )
WALMART STORES, INC.,                             )
                                                  )
              Defendant.                          )

## CERTIFICATE OF SERVICE

James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for defendant in the above-entitled cause; that on the 18th day of March 2022, he sent by e-mail, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 18th day of March 2022, a copy of the Notice for Removal filed herein was also electronically filed with Clerk of the Fourth Judicial Circuit Court, Marion County Courthouse, Illinois.

/s/James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 18th day of March 2022.

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

/s/Marie G. Agne
NOTARY PUBLIC